It was said in Banks v. State, 143 Tex. Cr.R. 61, 157 S.W.2d 360, at page 361:

"The allegation of ownership is merely to indicate and identify the subject of the crime, and the title to the property is not in issue. Hence, it is permissible to charge ownership in the person who was in actual possession and control thereof. In arson, possession is ownership except when one, not the real owner but merely in possession thereof, burns the house he occupies. Since there is evidence in the record that M. H. Foster was operating a motor supply business and filling-station in the building, was in possession thereof and used the building in the conduct of his business, it was proper for the State to charge in the indictment that he was the owner thereof. See Wyley v. State, 34 Tex.Cr.R. 514, 515, 31 S.W. 393; Allen v. State, 62 Tex.Cr.R. 501, 137 S.W. 1133; Pinckard v. State, 62 Tex.Cr.R. 602, 138 S.W. 601."

The opinion on State's motion for rehearing sufficiently discussed other questions in the case. The appellant's motion for rehearing is overruled.

### CROWELL v. STATE.
### No. 24416.

Court of Criminal Appeals of Texas.
June 15, 1949.

No appearance on appeal for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the county Court of Collin County of the offense of selling whisky in a dry area and assessed the punishment of a fine of $100.

The record contains neither bills of exceptions nor a statement of facts. The proceedings appear regular and nothing is presented for review.

The judgment of the trial court is affirmed.